James H. Hohenstein
K. Blythe Daly
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
       blythe.daly@hklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAMASTER LOGISTICS INC. and SEAMASTER GLOBAL FORWARDING (SHANGHAI) LIMITED QINGDAO BRANCH,<br><br>                Plaintiffs,<br><br>- against –<br><br>M/V SAFMARINE MERU her engines, tackle, boilers, etc., *in rem* and MSC MEDITERRANEAN SHIPPING COMPANY S.A.,<br><br>                Defendants. | Case No. _____<br><br>**<u>COMPLAINT</u>** |

      Plaintiffs Seamaster Logistics, Inc. ("Seamaster Logistics") and Seamaster Global Forwarding (Shanghai) Limited Qingdao Branch ("Seamaster Global") (collectively "Seamaster"), by and through their attorneys Holland & Knight LLP, for their Complaint against defendants M/V SAFMARINE MERU, her engines, tackle, boilers, etc. (the "Vessel"), *in rem*, and MSC Mediterranean Shipping Company S.A. ("MSC"), allege as follows:

## **THE INCIDENT**

1.      On or about May 8, 2016, the Vessel and the M/V NORTHERN JASPER collided in the East China Sea approximately 120 nautical miles east of the Port of Ningbo, People's Republic of China (the "Incident").

2.      As a result of the Incident, the Vessel suffered significant damage and caught fire, causing its crew to abandon the Vessel. The Vessel then had to be towed to the Port of Ningbo and the owner of the Vessel declared General Average.

3.      At the time of the Incident, approximately 400 containers were aboard the Vessel, including eleven (11) containers shipped by Seamaster pursuant to a bill of lading issued by MSC (the "Cargo"). The Cargo was transshipped and ultimately delivered by MSC to Miami, Florida on or about July 17, 2016.

4.      As a result of the Incident, Seamaster has received, expects to receive and may receive, claims from the shippers, consignees, cargo underwriters, or other parties with interests in the Cargo ("Cargo Interests") for loss or damage to the Cargo, salvage and towing expenses, contributions in General Average, and other costs incurred as a result of the Incident.

5.      Seamaster brings this action against the Vessel and MSC to recover for any and all amounts allegedly owing and due to Cargo Interests as a result of the Incident.

#52353088_v2

## PARTIES

6. Plaintiff Seamaster Logistics was and is a domestic corporation registered as a Non Vessel Operating Common Carrier ("NVOCC") with the Federal Maritime Commission, with a principal place of business at 1370 Valley Vista Drive, Suite 150, Diamond Bar, California 91765.

7. Plaintiff Seamaster Global was and is a foreign corporation registered to do business in the People's Republic of China, with a principal place of business at Room 807, Sunshine Tower, 61 Hong Kong Middle Road, Qingdao 266071, People's Republic of China.

8. Upon information and belief, the Vessel is now, or will be during the pendency of this action, within the admiralty and maritime jurisdiction of this Honorable Court or is otherwise subject to jurisdiction pursuant to Rule 4(k)(2) of the Federal Rules of Civil procedure and/or the forum selection clause in the bill of lading in suit.

9. MSC was and still is a business entity duly organized and existing under the laws of a foreign state with a place of business at 420 Fifth Avenue, 8th Floor, New York, New York, 10018-2702, and was at all relevant times doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

## JURISDICTION & VENUE

10. This action involves admiralty or maritime claims within the meaning of Rule 9(h) Fed. R. Civ. P. and is within the admiralty and maritime jurisdiction of the United States under 28 U.S.C. § 1333.

11. Venue is proper here within the meaning of 28 U.S.C. § 1391(c) as Defendants conduct business in the State of New York as common carriers of cargo for hire and/or otherwise operate, control, lease, or own vessels within this district.

#52353088_v2

12. Venue is also proper by virtue of the forum selection clause in the bill of lading for the Cargo at issue in this matter, whereby defendant MSC has consented to venue and jurisdiction in the Southern District of New York.

## FACTS

13. Plaintiffs Seamaster undertook to carry the Cargo (eleven (11) containers of car stackers) from Qingdao, China to Miami, Florida, including arranging for carriage by defendant MSC on the Vessel.

14. On or about May 7, 2016, Seamaster Logistics issued house bill of lading number STAO2491818 to non-party shipper Qingdao Desiree Intelligent Equipment Co., Ltd. for the carriage of the Cargo (eleven (11) containers said to contain car stackers) from Qingdao, China to Miami, Florida. A true and correct copy of the Seamaster Logistics bill of lading is annexed as Exhibit A. The Seamaster Logistics bill of lading identifies non-party Transco Shipping Corp. in Rosedale, New York, as the forwarding agent.

15. On or about May 7, 2016, MSC issued Sea Waybill No. MSCUQS946666 for the carriage of the Cargo. A true and correct copy of the MSC Sea Waybill is annexed as Exhibit B. The MSC Sea Waybill identifies Seamaster Global as the "Shipper" and Transco Shipping Corp. as the consignee and notify party.

16. The Cargo was delivered to MSC in sound condition.

17. After loading the Cargo, the Vessel departed the Port of Qingdao.

18. On or about May 8, 2016, while en route from Qingdao, China to the Port of Ningbo, the Vessel collided with the M/V NORTHERN JASPER (the "Incident").

19. As a result of the Incident, the Vessel suffered significant damage, caught fire and its crew was forced to abandon ship.

#52353088_v2

20. Salvage services were rendered to the Vessel by the Donghai Rescue Bureau which successfully extinguished the fire and towed the Vessel to the Port of Ningbo where it arrived on or about May 13, 2016.

21. As a result of the Incident, the owners of the Vessel declared General Average. A true and correct copy of the Declaration of General Average is annexed as Exhibit C.

22. Upon information and belief, as a condition precedent to allowing the cargo to be transshipped, Cargo Interests were required to post General Average security and/or to contribute towards the costs of the salvage efforts.

23. Upon information and belief, the Cargo Interests posted the required security and/or otherwise contributed to the costs of the salvage efforts.

24. On or about July 17, 2016, the Cargo was delivered at the Port of Miami, Florida.

25. As a result of the Incident, Seamaster has received, expects to receive and may receive claims from the Cargo Interests for loss or damage to the Cargo, salvage and towing expenses, contributions in General Average and other costs allegedly incurred as a result of the Incident.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

26. Seamaster incorporates paragraphs 1-25, as though the same have been set forth herein.

27. Seamaster and MSC entered into a contract of carriage memorialized by the MSC Sea Waybill, pursuant to which MSC had a duty to exercise reasonable care when in the possession of the Cargo and to deliver it in the same good order and condition as when the same was received.

28. Seamaster performed all conditions required under the contract of carriage.

29. MSC breached the contract of carriage by failing to deliver the Cargo in the same good order and condition as when it was received, and/or subjecting the Cargo to imminent danger, which danger necessitated salvage, resulted in the declaration of General Average and is alleged to have imposed additional duties and expenses on the Cargo Interests.

30. By reason of MSC's foregoing breach of contract, Seamaster has sustained or will sustain damages (as yet to be ascertained) arising out of the Incident.

## SECOND CAUSE OF ACTION
### NEGLIGENCE

31. Seamaster incorporates paragraphs 1 – 30, as though the same have been set forth herein.

32. MSC, directly or through their employees, agents, or independent contractors, as a common carrier of merchandise for hire, had a duty to properly stow, handle, care, and transport the Cargo from Qingdao to Miami.

33. MSC failed to carry and deliver the Cargo such as was reasonably required.

34. In causing or allowing the Incident to occur, MSC breached their duty of reasonable care by subjecting the Cargo to imminent danger, which danger necessitated salvage, resulted in the declaration of General Average and is alleged to have imposed additional duties and expenses on the Cargo Interests.

35. By reason of MSC's foregoing negligence, Seamaster has sustained or will sustain damages (as yet to be ascertained) arising out of the Incident.

## THIRD CAUSE OF ACTION
## BAILMENT

36. Seamaster incorporates paragraphs 1 – 35, as though the same have been set forth herein.

37. The Cargo was personal property that was delivered into the possession, custody, and control of MSC, whereby a bailment arose.

38. MSC, at all relevant times acted as a carrier of goods for hire and/or a bailee and/or otherwise had a duty of care for the Cargo while the same was in their custody.

39. MSC, through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the Cargo in the same condition as when it was entrusted to them.

40. MSC breached its obligations as a carrier of goods for hire and/or a bailee and failed to deliver the Cargo in as complete or as good condition as when the same was entrusted to them and/or by subjecting it to imminent danger, which danger necessitated salvage, resulted in the declaration of General Average and is alleged to have imposed additional duties and expenses on the Cargo Interests.

41. By reason of MSC's foregoing breach of its obligations as bailee, Seamaster has sustained or will sustain damages (as yet to be ascertained) arising out of the Incident.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT AND OF DUTIES UNDER COGSA

42. Seamaster incorporates paragraphs 1 – 41, as though the same have been set forth herein.

43. MSC was a common carrier of merchandise within the meaning of the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 *note*, formerly 46 U.S.C. § 1300, *et seq.* ("COGSA"), for

7

#52353088_v2

the carriage of goods by sea. As a common carrier of merchandise, MSC had a duty to exercise reasonable care while the Cargo was in its possession and control.

44.   MSC breached its duties as a carrier under that Act by failing to deliver the Cargo in the same good order and condition as when it was received, and/or subjecting the Cargo to imminent danger, which danger necessitated salvage, resulted in the declaration of General Average and is alleged to have imposed additional duties and expenses on the Cargo Interests.

45.   By reason of MSC's foregoing breach of its duties under COGSA, Seamaster has sustained or will sustain damages (as yet to be ascertained) arising out of the Incident.

## FIFTH CAUSE OF ACTION
## CONTRIBUTION & INDEMNITY

46.   Seamaster incorporates paragraphs 1 – 45, as though the same have been set forth herein.

47.   Seamaster performed all conditions on its part to be performed under the Seamaster Logistics Bill of Lading and the MSC Sea Waybill.

48.   Any damage to the Cargo and/or any additional duties or expenses incurred by all parties with interests in the Cargo flows directly from the acts and/or omissions of MSC.

49.   Seamaster has and/or will deny liability with respect to any and all damages allegedly sustained by the Cargo Interests. However, if it is adjudged that Seamaster is liable to the Cargo Interests for loss or damage to the Cargo, and/or for subjecting it to imminent danger, which danger necessitated salvage, resulted in the declaration of General Average and imposed additional duties and expenses on the Cargo Interests, Seamaster shall be entitled to recover from MSC, in contribution or indemnity, for all losses, damages or expenses, including attorneys' fees to the extent recoverable by statute or common law.

#52353088_v2

**WHEREFORE**, Plaintiffs Seamaster Logistics Inc. and Seamaster Global Forwarding (Shanghai) Limited Qingdao Branch, pray:

1. That judgment may be entered in favor of Seamaster against Defendants M/V SAFEMARINE MERU, *in rem*, and MSC Mediterranean Shipping Company S.A., together with interest and costs, and the disbursements of this action;

2. For attorneys' fees as permitted by statute and common law; and,

3. That this Court grant to Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
July 14, 2017

HOLLAND & KNIGHT LLP

By: _____
James H. Hohenstein
K. Blythe Daly
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
      blythe.daly@hklaw.com

*Attorneys for Plaintiffs*

#52353088_v2